IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

EMI APRIL MUSIC INC., YELAPA )
SONGS, UNIVERSAL-POLYGRAM )
INTERNATIONAL PUBLISHING, INC., )
SONY/ATV HARMONY, BYEFALL )
PRODUCTIONS INC., GWEN STEFANI )
D/B/A HARAJUKU LOVER MUSIC, )
WORD MUSIC, LLC, SONG OF CASH )
MUSIC, AND WAYNE GOODINE MUSIC, )        1:09CV432
                                )
            Plaintiffs,         )
                                )
        v.                      )
                                )
ESTUARDO VALDEMAR RODRIGUEZ     )
And LEONOR RODRIGUEZ,           )
                                )
            Defendants.         )

**MEMORANDUM OPINION**

Before the court is a motion for default judgment filed by Plaintiffs seeking certain relief for copyright infringement. (Doc. 18.) Default has been entered against Defendants, who have failed to respond to the present motion. For the reasons set forth below, the motion will be granted.

I.  **BACKGROUND**

This is an action for alleged willful infringement of Plaintiffs' copyrights in six musical compositions by unauthorized performances at WLLQ radio station in Chapel Hill, North Carolina, and WLLY radio station in Wilson, North Carolina, owned and operated by Defendants under a license granted by the Federal Communications Commission. Plaintiffs

are members of the American Society of Composers, Authors and Publishers ("ASCAP"), which holds a non-exclusive right to license non-dramatic public performances of their copyrighted musical compositions. Plaintiffs allege that Defendants willfully infringed copyright by giving public performances of the following protected compositions from January 29, 2008, through March 25, 2008: "Corazon Espinado," "Toxic," "The Sweet Escape," "Some Golden Daybreak," "Over the Next Hill We'll Be Home," and "I Bless Your Name." (Doc. 1.) The complaint seeks injunctive relief, unspecified statutory damages between $750 and $150,000, and costs and reasonable attorneys' fees. (Id.)

Plaintiffs filed their complaint on June 17, 2009, and copies of it and summonses were served on each Defendant. Defendants failed to respond to the complaint, and on July 16, 2009, defaults were entered against them. (Doc. 17.) Plaintiffs moved for default judgment on September 24, 2009, and served notice on Defendants. (Doc. 18.) Defendants have failed to file any response.

**II. ANALYSIS**

Federal Rule of Civil Procedure 55(b)(2) requires that a plaintiff apply to the court for a default judgment where the claim is not for a sum certain. Though the motion for default judgment is unopposed, the court must exercise sound judicial discretion to determine whether default judgment should be

2

entered as a matter of right.  <u>EMI April Music, Inc. v. White</u>, 618 F. Supp. 2d 497, 505 (E.D. Va. 2009) (citation omitted).

Defendants were properly served with the complaint and summonses and failed to respond.  They were also served with Plaintiffs' motion for default judgment.  Plaintiffs have supported their motion for default judgment with a memorandum of law as well as two affidavits detailing ASCAP's dealings with Defendants, evidence of infringement, evidence related to the damages sought, and costs and attorneys' fees expended in prosecution of this case.  Defendants similarly failed to appear or indicate any desire to respond to the motion.  Plaintiffs represent that Defendants are not infants, incompetents or in the military service.

Defendants' recalcitrance should not delay Plaintiffs' entitlement to relief, and the court concludes that a default judgment is appropriate in this case.  <u>SEC v. Lawbaugh</u>, 359 F. Supp. 2d 418, 421 (D. Md. 2005) (noting that judgment by default is available where the "adversary process has been halted because of an essentially unresponsive party").

**A.  Injunctive Relief**

Under the Copyright Act of 1976, this court may grant an injunction to prevent or restrain copyright infringement.  17 U.S.C. § 502(a).  Injunctive relief is appropriate where the nature of the infringement prevents a plaintiff from obtaining

3

an adequate remedy at law.  Jasperilla Music Co., M.C.A., Inc. v. Wing's Lounge Ass'n, 837 F. Supp. 159, 161 (S.D.W.Va. 1993) (citation omitted).  A permanent injunction is appropriate where infringement has been proven and a threat of continuing infringement exists.  Bonnyview Music Corp. v. Jones E. of the Grand Stand, Inc., No. C.A. 4:92-0971-21, 1992 WL 459580, *3 (D.S.C. Nov. 9, 1992).  A permanent injunction is not automatic, however, and a plaintiff must satisfy the traditional analysis. eBay, Inc. v. MercExchange, LLC, 547 U.S. 388, 391-94 (2006). In eBay, the Court noted:

> According to well-established principles of equity, a plaintiff seeking a permanent injunction must satisfy a four-factor test before a court may grant such relief.  A plaintiff must demonstrate: (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction.

Id. at 391.

In this case, the affidavit of Pamela Blank, account manager of ASCAP's Broadcast Licensing Department ("Blank Affidavit"), establishes that Defendants have operated radio stations WLLQ and WLLY in violation of copyright law.  WLLQ and WLLY were treated as licensed by ASCAP prior to June 22, 2007, but Defendants consistently failed to pay license fees and meet other obligations owed to ASCAP.  As a result, ASCAP, after due

4

notice, informed Defendants it would no longer treat their radio stations as licensed. This notice was sent only after repeated requests for payment of past due license fees and reminders of Defendants' liability under United States copyright law. Notwithstanding such notices and warnings, Defendants continued to perform copyrighted music, including the six performances sued on, without permission by broadcasting over radio stations WLLQ and WLLY. Further, Defendants own and operate six other radio stations in North Carolina. Although Defendants have not licensed any of these stations by ASCAP either, all continue to perform ASCAP-copyrighted music without permission. Defendants' failure to appear in this litigation demonstrates their refusal to acknowledge their legal obligations, makes the threat of continued infringement likely, and underscores the ineffectiveness of a remedy at law.

The court finds that Defendants have infringed Plaintiffs' copyrights and that such infringement was willful and intentional. Based on the above, the court finds that Plaintiffs have suffered irreparable injury, monetary damages are inadequate to provide a complete remedy, the balance of hardships tips in Plaintiffs' favor, and the public interest is served by protecting Plaintiffs' intellectual property rights through enjoining further violations.

5

**B.   Statutory Damages**

The Copyright Act provides that a copyright owner may elect to recover, in lieu of actual damages and profits, an award of statutory damages in a sum of not less than $750 or more than $30,000, as the court considers just.  17 U.S.C. § 504(c)(1). In the case of willful infringement, the court may increase the award of statutory damages to an amount not exceeding $150,000 for each composition infringed.  17 U.S.C. § 504(c)(2).  The determination of the amount of damages within the statutory range lies within the court's discretion.  F.W. Woolworth Co. v. Contemporary Arts, Inc., 344 U.S. 228, 231-32 (1952).  Among the factors the court can consider are "the expenses saved and profits reaped by the defendants in connection with the infringements, the revenues lost by the plaintiffs as a result of the defendants' conduct, and the infringers' state of mind whether wilful, knowing or merely innocent."  Boz Scaggs Music v. KND Corp., 491 F. Supp. 908, 914 (D. Conn. 1980).  The standard for willfulness is whether the defendant knew that his conduct represented infringement or recklessly disregarded that possibility.  Hamil Am., Inc. v. GFI, 193 F.3d 92, 97 (2d Cir. 1999).

Where a plaintiff seeks statutory rather than actual damages based on a defendant's knowing and deliberate infringement, courts typically award substantially more than the

6

minimum of statutory damage and more than an infringer would have paid in license fees. See, e.g., EMI April Music, 618 F. Supp. 2d at 508-09; Broadcast Music, Inc. v. Boogie Down Prods., Inc., No. 1:04-CV-3526, 2006 WL 2619820 (N.D. Ga. May 9, 2006); Jobete Music Co., Inc. v. Media Broad. Corp., 713 F. Supp. 174 (M.D.N.C. 1988). As the Supreme Court has noted, an award of substantial statutory damages serves the deterrent purpose of the statute:

> [A] rule of liability which merely takes away the profits from an infringement would offer little discouragement to infringers. It would fall short of an effective sanction for enforcement of the copyright policy. The statutory rule, formulated after long experience . . . also is designed to discourage wrongful conduct.

F.W. Woolworth, 344 U.S. at 233. At a minimum, it should not cost less to violate the statute than to comply with it. EMI April Music, 618 F. Supp. 2d at 508 (citing Music City Music v. Alfa Foods, Ltd., 616 F. Supp. 1001, 1003 (E.D. Va. 1985)).

In this case, Plaintiffs offer no proof of actual damages but instead seek statutory damages. Plaintiffs have established that Defendants knowingly and deliberately infringed Plaintiffs' copyrights. Defendants were well aware of their obligations to pay Plaintiffs' license fees for musical performances of copyrighted works aired on radio stations WLLQ and WLLY. However, even after ASCAP informed Defendants it would no longer treat their stations as licensed and made repeated requests for

7

payments of past due license fees and gave reminders of their liability under copyright law, Defendants continued to perform copyrighted music without permission virtually every hour that their stations were on the air. Moreover, Defendants continue to play copyrighted music over at least six other radio stations they own and operate in North Carolina without payment of license fees.[1]

The court finds that Defendants' actions demonstrate that statutory damages in excess of unpaid ASCAP license fees are appropriate as a effective sanction. Plaintiffs have established that had Defendants' radio stations WLLQ and WLLY been properly licensed by ASCAP, they would owe approximately $38,901.59 ($25,520.50 for radio station WLLQ and $13,381.09 per radio station WLLY). Plaintiffs request an award of $19,000 for infringement, for a total of $114,000, an amount less than three times the license fees that would have been owed had Defendants properly been licensed.

In light of the evidence that Defendants have continued to violate copyright virtually every hour their stations are on the air, the court, in its discretion, concludes that statutory damages in the amount of $77,803.14 is appropriate. This

---

[1] Evidence of infringement on Defendants' six radio stations not made the basis of the complaint is considered solely for the purpose of assessing Defendants' willfulness and the amount of damages that should be imposed for the six compositions made the basis of this case; the court does not award damages for performances on stations not made the basis of the complaint.

8

amounts to $12,967.19 per violation and represents twice the proper license fee had Defendants complied with law. See EMI April Music, 618 F. Supp. 2d at 509 (imposing statutory damages approximately twice the license fee); EMI Mills Music, Inc. v. Empress Hotel, Inc., 470 F. Supp. 2d 67, 76 (D.P.R. 2006) (imposing statutory damages of $15,000 per infringement for a total of $60,000, approximately three times the remaining payments due on the license fee).

### C. Costs and Reasonable Attorneys Fees

The court may award a prevailing party full costs and reasonable attorneys' fees. 17 U.S.C. § 505. Costs and attorneys' fees are not awarded as a matter of course; rather, both lie wholly in the court's discretion. Fogerty v. Fantasy, Inc., 510 U.S. 517, 534 (1994).

In determining whether an award of attorneys' fees should be made for copyright violations under 17 U.S.C. § 505, the Fourth Circuit has articulated four factors for consideration: (1) the motivation of the parties; (2) the objective reasonableness of the legal and factual positions advanced; (3) the need in particular circumstances to advance considerations of compensation and deterrence; and (4) any other relevant factor. Diamond Star Bldg. Corp. v. Freed, 30 F.3d 503, 505 (4th Cir. 1994) (citation omitted). In this case, Plaintiffs' motivation was to vindicate its rights granted by Congress under

9

the Copyright Act. Plaintiffs demonstrated that their legal and factual positions are objectively reasonable. Indeed, Defendants failed even to respond to the lawsuit. In response to Plaintiffs' multiple warnings and attempts to obtain compliance, Defendants simply thumbed their noses at their legal obligations. This is a textbook case of the need to encourage the bringing of such actions where attempts to resolve the matter have been repudiated. The court finds, therefore, that an award of attorneys' fees is appropriate.

Plaintiffs have supported their requests for attorneys' fees with a declaration of its counsel, Michael J. Allen. In determining the reasonableness of any fee award, the court applies the factors set forth in EEOC v. Serv. News. Co., 898 F.2d 958, 965 (4th Cir. 1990). Each factor is addressed in turn, where applicable.

### 1. Time and Labor Expended

Plaintiffs' counsel has to date expended 12.1 hours, and his paralegals have expended 5.5 hours.

### 2. Novelty/Difficulty of Questions Raised

The court acknowledges that copyright actions are not common and are handled by specialized lawyers, although no unusual questions of law were presented in this case.

### 3. Skill Required to Perform Legal Services

Familiarity with copyright laws is required, and Plaintiffs' counsel, who has handled copyright cases for 25 years, has considerable expertise in this area.

### 4. Counsel's Opportunity Costs in Pressing the Litigation

No lost opportunity costs has been identified by counsel in his handling of this matter.

### 5. Customary Fee for Similar Work

Counsel charged $285 per hour for his time and $125 per hour for his paralegals. The court finds that these amounts are well within the customary rates in the prevailing legal community.

### 6. Counsel's Expectations at the Outset of Litigation

Counsel has obtained the desired result in obtaining injunctive relief and statutory damages.

### 7. Limitations Imposed by the Client or the Circumstances

None was identified.

### 8. Amount in Controversy and Results Obtained

The amount of recovery is not insignificant, and counsel has obtained favorable compensation.

### 9. Counsel's Experience, Reputation and Ability

As previously mentioned, Mr. Allen enjoys a reputation as a specialist in copyright and trademark law. He is a frequent

11

Case 1:09-cv-00432-TDS-PTS   Document 22   Filed 03/08/10   Page 11 of 13

lecturer on the topic, active in the American and North Carolina Bar Associations' Intellectual Property Law sections, lectures on copyright law and litigation at the college level, and has served as an expert consultant in a copyright and infringement litigation matter.

### 10. Undesirability of the Case Within the Legal Community

This factor does not apply in this case.

### 11. Nature and Length of the Professional Relationship Between the Attorney and the Client

This factor has not been identified by counsel.

### 12. Attorneys Fees and Awards in Similar Cases

Plaintiffs represent that they have incurred costs in the amount of $523.56 and attorneys' fees in the amount of $4,136.00, for a total of $4,659.56. The requested fee award is reasonable, compares favorably with that of similar cases, and therefore shall be awarded. Cf. EMI April Music, 618 F. Supp. 2d at 513 (awarding $2,875 in attorneys' fees and $417.59 in costs); Jobete Music, 713 F. Supp. at 180 (awarding costs and fees of $2,432.47).

## III. CONCLUSION

For the foregoing reasons, Plaintiffs' motion for default judgment (Doc. 18) shall be granted, and Defendants shall be enjoined permanently from further copyright infringement of the protected works to which Plaintiffs hold a right to grant

12

licenses or which are in the repertory of ASCAP.  Plaintiffs shall recover statutory damages in the amount of $77,803.14, reasonable attorneys' fees in the amount of $4,136, and costs in the amount of $523.56.

                                               /s / Thomas D. Schroeder
                                               United States District Judge

March 8, 2010